**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
AT COLUMBUS**

| | | |
|---|---|---|
| **SHYE WORLDWIDE, LLC,** | } | |
| Plaintiff, | } | |
| | } | Civil Action No: 2:15 CV-<u>00554</u> |
| v. | } | |
| | } | |
| **MISSRY ASSOCIATES, INC.,** | } | |
| a New Jersey corporation trading | } | |
| as Stor-All Solutions and Misco, | } | |
| | } | |
| and, | } | |
| **M.S.R.S, INC.,** | } | |
| a California corporation trading | } | |
| as VM International, | } | |
| Defendants. | } | |

---

## COMPLAINT

Plaintiff Shye Worldwide LLC ("Shye") states this complaint against Defendant Missry Associates, Inc., trading as Stor-All Solutions and Misco Home and Garden, and Defendant M.S.R.S, Inc., trading as VM International, seeking injunctive relief, damages, and other relief to redress the patent and trade dress mark infringements, and related claims for unfair competition over items being sold in Ohio, as alleged herein:

### Nature of the Case

1.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 271 *et seq.*, and §289, and under the Lanham Act, 15 U.S.C. §§ 1111, *et seq.*, to enjoin further unauthorized use, sale, offers to sell in the United States, importation into the United States for subsequent use, and manufacture of food storage containers that infringe United States Design Patents, infringe protected trade dress, and to obtain damages.

2.     This civil action arises under laws respecting unfair competition, passing off, trade dress protection, and unfair trade practices due to Defendants copying of the distinctive visual elements of the Plaintiffs' products and applying that to imitation products without license or authorization, and also, interfering with plaintiff's reasonable expectations of actual and prospective contractual advantage.

### PARTIES

3.     Plaintiff Shye Worldwide LLC is organized and existing under the laws of the State of California, and it has its principal place of business in Lake Forest, California, 92630.

1

4.      Missry Associates, Inc., a business entity organized and existing under the laws of New Jersey having its principal business office at 100 S. Washington Ave., Dunellen, New Jersey.

5.      Stor-All Solutions and Misco a/k/a/ Misco Home and Garden are the brand or trade names used in commerce by Defendant Missry Associates, Inc., which applies those names to its alleged infringing products.

6.      Defendant M.S.R.S, Inc., is a business entity organized and existing under the laws of California having its principal business office at 7101 N. Ridgeway Ave., Riverside, CA 60712.

7.      VM International and SAZON are the brand or trade names used in commerce by the Defendant M.S.R.S, Inc., which applies the names to its alleged infringing products.

8.      In accordance with Rule 19(c), FED. R. CIV. PROC., not joined as a party is The Kroger Company, an Ohio corporation, having its principal office at Cincinnati, Ohio, which operates retail stores in this District, and operates Food 4 Less stores, into which M.S.R.S, Inc., d/b/a VM International has offered, sold and delivered the alleged infringing food storage containers.  A primary reason for not joining Kroger is that upon information and belief, Kroger contractually is indemnified fully by Defendant M.S.R.S, Inc., under a Master Purchase Agreement.  Due to that broad form indemnification provision, a judgment can be rendered without joinder of Kroger, or the relief can be shaped to avoid prejudice.

9.      In accordance with Rule 19(c), FED. R. CIV. PROC., not joined as a party is Garden Holdings, Inc., formerly doing business as Garden Ridge and now trading as At Home stores (hereinafter collectively "At Home"), which operates retail stores in this District including at 3599 Park Mill Run Drive, Hilliard, OH 43026, into which Defendant Missry Associates, Inc., d/b/a Stor-All Solutions and Misco, has offered, sold and delivered the alleged infringing food storage containers.  A primary reason for not joining "At Home" is that upon information and belief, "At Home" contractually is indemnified fully by Defendant Missry Associates, Inc., under a Master Purchase Agreement.  Due to that broad form indemnification provision, a judgment can be rendered without joinder of "At Home", or the relief can be shaped to avoid prejudice.

**JURISDICTION AND VENUE**

10.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.     This Court has personal jurisdiction over Defendant Missry Associates, Inc., which has conducted and does conduct business within this district including, without limitation, the sale, offer for sale, and/or purposefully directing the infringing and unauthorized products described herein into At Home stores in Ohio, including at 3599 Park Mill Run Drive, Hilliard, OH 43026. This suit arises from those sales, offers to sell and distribution by Defendant Missry Associates, Inc., of the infringing and unauthorized products into Ohio.

12.     This Court has personal jurisdiction over Defendant M.S.R.S, Inc., which has conducted and does conduct business within this district including, without limitation, with The Kroger Company, and has purposefully directed the sale, offer for sale, and/or distribution of the

infringing and unauthorized products described herein to Kroger and its Food 4 Less stores.  This suit arises from those sales, offers to sell and distribution by Defendant M.S.R.S, Inc., of the infringing and unauthorized products into Ohio.

13.     This Court has personal jurisdiction over Defendant M.S.R.S, Inc., and over Defendant Missry Associates, Inc., under the provisions of the Ohio long-arm statute, O.R.C. §2307.382(A)(1),(2), and (3), *et. seq*.

14.     Venue in this district is proper pursuant to 28 U.S.C §§ 1391(b) and (c) and 1400(b) because, inter alia, defendants are doing business in this district with Kroger and with Garden Ridge stores.


**THE DESIGN PATENTS IN SUIT.**

15.     On May 27, 2014, a design patent entitled "Container Lid" was granted by the United States Patent and Trademark Office.  A true and accurate copy of that U.S. Design Patent, D705,593 S, which is valid and subsisting, is attached hereto as Exhibit C and incorporated herein by reference.

16.     Plaintiff Shye Worldwide LLC is the owner of United States Patent No. D705,593 titled "Container Lid."  Depicted below and attached as Exhibit A, hereto.





FIG. 1

17.     Plaintiff Shye Worldwide LLC is the owner by assignment of all rights, title and interest in and to the `593 Design Patent and possesses all rights of recovery thereunder, including the right to sue for infringement, and to obtain injunctive and other relief set out in the Patent Act.

18.     The `593 design patent claims a three bump design around the lid of a food storage container, as depicted in the images, above, from the patent.

19.     In an earlier, federal court matter involving different distributors, a permanent injunction was issued to stop further trading in food storage containers having the imitation bump-trim around the lid, and that injunction incorporated images of the trim that is virtually the same as that on the accused products distributed by the Defendants here.  A copy of that injunction is attached hereto as Exhibit C, and referred to hereinafter as the AXIZ-Orbit injunction.

20.     On September 29, 2014, a design patent entitled "Storage Container Lid" was granted by the United States Patent and Trademark Office.  A true and accurate copy of that U.S. Design Patent, D712,697 S, which is valid and subsisting, is attached hereto as Exhibit B and incorporated herein by reference.

21.    Plaintiff Shye Worldwide LLC is the owner by assignment of all rights, title and interest in and to the `697 Design Patent and possesses all rights of recovery thereunder, including the right to sue for infringement, and to obtain injunctive and other relief set out in the Patent Act.



22.    The `697 design patent claims a two bump design around the lid of a food storage container, as depicted in the images, above, from the patent.

**U.S. Patent**          Sep. 9, 2014          Sheet 2 of 3          US D712,697 S



*Fig. 2*

23.    The AXIZ-Orbit injunction, Exhibit C hereto, enjoins trade in the depicted imitations of the plaintiff's bump trim food storage containers.

24.    The plaintiff's bump-trim trade dress is distinctive and non-functional, and is recognized by the purchasing public as an indicator of high quality product from a single source.

25.    Plaintiff owns common law trademark rights in the bump-trim trade dress, as applied to household containers and household containers for food.

### THE UNAUTHORIZED IMITATION OF PLAINTIFFS' PRODUCTS.

26.    Plaintiff seeks to enjoin further trading in infringing, knock-off, imitation versions of the protected bump-trim design as applied to food storage and kitchen storage containers.

27.    Recently it was discovered that retail outlets were stocking imitations of the plaintiff's protected bump-trim design on food storage containers, presumably imported from China.

28.    Defendant Missry Associates, Inc., is distributing Misco's Grip-tite by Stor-all Solutions food storage containers with red trim under its product and item designations: 10 pc Square GT8215Q10/12H, 10 pc round GT820R10/12H, 10pc Rectangle GT822RT10/12H, and 24 pc GT823MP24/6H.

29.    Misco Grip-tite by Stor-all Solutions food storage containers are being offered for sale, sold and/or distributed by Defendant Missry Associates, Inc., into "At Home" retail stores in Ohio, and elsewhere, that are identified with the following UPC codes: 10 pc Square GT8215Q10/12H is UPC 0 31462 568531, 10 pc round GT820R10/12H is UPC 0 31462 568524, 10pc Rectangle GT822RT10/12His UPC 0 31462 568548, and 24 pc GT823MP24/6H is UPC 0 31462 568555.

30.    On the shelves now of "At Home" retail stores in Ohio are red, bump trim food storage containers sold and/or distributed by Defendant Missry Associates, Inc., including the 10 pc Square GT8215Q10/12H, 10 pc round GT820R10/12H, 10pc Rectangle GT822RT10/12H, and 24 pc GT823MP24/6H, branded Grip-tite by Stor-all Solutions as indicated in the photo below.



31.    Defendant Missry Associates, Inc., trades on the reputation, distinctiveness and trade dress of the Plaintiff's authentic, original, patented bump-trim by incorporating that design into the product lid and into the printed packaging on the Defendant's packaging for Misco's Grip-tite by Stor-all Solutions food storage containers in a 24 piece set, as indicated in the photo below.



32.    Packaging on Defendant's "Grip-tite" products bears virtually the same photo, and is essentially the same cut-away box that was used on the 24 piece set of imitation food storage containers, marked "Seal-tite" that are the subject of the Axiz-Orbit injunction, Exhibit C, hereto.

33.    The cut-away packaging on the "Grip-tite" 24 piece set, above, is essentially the same as the packaging on the 24 piece set of "Seal-tite" imitation food storage containers in the Axiz-Orbit case, as depicted below.



7

34.     The photo on "Grip-tite" by Stor-all Solutions food storage containers in a 24 piece set now being distributed by Defendant Missry Associates, Inc., below, is virtually the same photo as on the packaging of the "Seal-tite" products enjoined in the Axis-Orbit case, Exhibit C.



35.     The photo, below, on the 24 piece assortment of "Seal-tite" products permanently enjoined in the Axis-Orbit lawsuit is virtually identical to the photo on the "Grip-tite" by Stor-all Solutions food storage containers in a 24 piece set now being distributed by Defendant Missry Associates, Inc., above.



36.     Defendant M.S.R.S, Inc., is distributing SAZON food storage containers with red or green trim on the lids under its product and item designations: 24Pc Food Storage #696901 022212 Item# EDP-02221-4, 10Pc Round Storage #696901 022304 Item# EDP-02230-4, 10Pc Square Storage #696901 022311 Item# P-02231, and 10Pc Rectangle item# P-02232.

37.     The SAZON food storage containers with red or green trim are being offered for sale, sold and/or distributed by Defendant M.S.R.S, Inc., d/b/a VM International, to The Kroger Company for its Food 4 Less stores.

38.     The red or green three-bump trim SAZON food storage containers sold and/or distributed by Defendant M.S.R.S, Inc., to Kroger are on the shelves of Kroger's Food 4 Less stores, as shown in the photo below.



39.     The SAZON food storage containers with red or green trim are being offered for sale, sold and/or distributed by Defendant M.S.R.S, Inc., d/b/a/ VM International, to be placed on and now are on the store shelves of Smart and Final stores.



9

## COUNT I
### (Infringement of U.S. Design Patent D705,593)

40.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 35 of this Complaint as if stated herein.

41.     Defendant Missry Associates, Inc., d/b/a Misco, without authorization and in violation of 35 U.S.C. § 271, have infringed and continue to infringe the '593 Design Patent by making, using, importing, offering to sell and/or selling the "Grip-tite" food storage set of Stor-all containers packaged in a 10 piece set, depicted below, (the "Accused Grip-tite Products").



42.     Defendant Missry Associates, Inc.,, without authorization has made, has had made, imported, used, sold, and/or offered to sell, continues to make, have made, import, use, sell, and/or offer to sell, and has cause others to make, use, sell, and/or offer to sell products that infringe to the `593 Design Patent, including sales to "At Home" retail outlets.





43.     The making, importing, using, selling, offering to sell, or causing others to make, use, sell, and/or offer to sell the infringing Accused Products by Defendant Missry Associates, Inc., has been without authority or license from plaintiff, and is in violation of plaintiff's rights.



44. Defendant Missry Associates' conduct will directly cause plaintiff to be deprived of rights, remunerations and profits which would have otherwise come to plaintiff but for the infringement, thereby entitling plaintiff to damages.

45. As a result of Defendant Missry Associates, Inc.'s distribution in the U.S. of the Accused Grip-tite food storage containers, and of similarly configured household food storage containers, plaintiff has been deprived of its right to the exclusive sale in North America of products protected by the `593 Design Patent.

46. Plaintiff has suffered financial damages of lost profits and a decline in its business goodwill and reputation, resulting from Defendants' manufacture and importation of, and sales of the Accused Product, which bear a substantial likeness to the design protected by the `593 Design Patent.

47. Plaintiffs have no adequate remedy at law, and the conduct of Defendant Missry Associates, Inc. has caused and, if not enjoined, will continue to cause irreparable damage to Plaintiff.

48. As a result of Defendant's wrongful conduct, Plaintiff is entitled to injunctive relief against defendant Missry Associates, Inc.

WHEREFORE, Plaintiff is entitled to judgment on Count I against Defendant Missry Associates, Inc., and for the additional and supplemental relief pleaded in the *ad damnum* clause, below.

## COUNT II
### (Infringement of U.S. Design Patent D705,593)

48. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 27 and 36 through 39 of this Complaint as if stated herein.

49. Defendant M.S.R.S., Inc., without authorization and in violation of 35 U.S.C. § 271 and § 289 has infringed and continue to infringe the '593 Design Patent by making, having made, importing, using, offering to sell and/or selling the "SAZON" food storage set of containers, depicted herein, (the "Accused SAZON Products").



50.     Defendant M.S.R.S., Inc., without authorization has made, has had made, imported, used, sold, and/or offered to sell, continues to make, have made, import, use, sell, and/or offer to sell, and has cause others to make, use, sell, and/or offer to sell products that infringe to the `593 Design Patent, including those in the photos under paragraphs 38 and 39, above.

51.     The making, importing, using, selling, offering to sell, or causing others to make, use, sell, and/or offer to sell the infringing Accused SAZON Products by Defendant M.S.R.S., Inc., has been without authority or license from plaintiff, and is in violation of plaintiff's rights, including by sales to Smart and Final stores, and to Kroger for its Food 4 Less stores.

52.     As a result of Defendant M.S.R.S., Inc.'s shipment into the U.S. of the Accused SAZON products, or of similar household food storage containers, plaintiff has been deprived of its right to the exclusive sale in North America of products protected by the `593 Design Patent.

53.     Defendant M.S.R.S.'s conduct caaused and will directly cause plaintiff to be deprived of rights, remunerations and profits which would have otherwise come to plaintiff but for the infringement, thereby entitling plaintiff to damages.

54.     As a result of Defendant M.S.R.S.'s distribution in the U.S. of the Accused SAZON food storage containers, and of similarly configured household food storage containers, plaintiff has been deprived of its right to the exclusive sale in North America of products protected by the `593 Design Patent.

55.     Plaintiff has suffered financial damages of lost profits and a decline in its business goodwill and reputation, resulting from Defendant M.S.R.S.'s  manufacture and importation of, and sales of the Accused Product, which bear a substantial likeness to the design protected by the `593 Design Patent.

56.     Plaintiffs have no adequate remedy at law, and the conduct of Defendant M.S.R.S., Inc., has caused and, if not enjoined, will continue to cause irreparable damage to Plaintiff.

57.     As a result of Defendant's wrongful conduct, Plaintiff is entitled to injunctive relief against Defendant M.S.R.S., Inc.

WHEREFORE, Plaintiff is entitled to judgment on Count II against Defendant M.S.R.S., Inc., and for the additional and supplemental relief pleaded in the *ad damnum* clause, below.

### COUNT III
### (Trade Dress Infringement and False Designation of Origin)

58.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 57 of this Second Amended Complaint as if stated herein.

59.     Plaintiff markets and sells a line of food storage containers, which are offered in commerce with a unique and distinctive product configuration and trade dress.

60.     Defendant's unauthorized distribution and sale in interstate commerce of the products and packaging bearing a copy, counterfeit or colorable imitation of plaintiff's trade dress is likely to cause confusion, mistake or deception of purchasers and potential purchasers as to the origin, sponsorship, or approval of defendant's products by plaintiff.

13

61.    On information and belief, Defendants will continue to infringe and disparage plaintiff's rights under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), unless and until it is enjoined by this Court.   Plaintiff has no adequate remedy at law, and plaintiff has been and likely will continue to be irreparably injured unless Defendants are enjoined from distributing the imitation products complained of herein.

62.    Defendants' unauthorized use in commerce of trade dress confusingly similar to the plaintiff's in connection with the sale, offering for sale, importation, distribution, and advertising of household food storage containers has caused and is likely to cause consumer confusion, mistake, and deception in violation of 15 U.S.C. §1114(1) and §1125(a).

63.    The imitation products, labeled Grip-tite as depicted herein, are marked with confusingly similar branding and packaging.

63.    The imitation products, labeled Sazon as depicted herein, are marked with confusingly similar branding.

64.    Unless enjoined by this Court, the Defendants will continue to commit the infringing and deceptive acts complained of herein, all to the immediate and irreparable harm of Plaintiff, for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiff is entitled to judgment on Count III against Defendant M.S.R.S., Inc., and for the additional and supplemental relief pleaded in the *ad damnum* clause, below.

## COUNT IV
### (Infringement of U.S. Design Patent D712,697)

65.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 64 of this Complaint as if stated herein.

66.    Defendants have sold, imported, used and distributed food storage containers with bump-trim on the lids with a design substantially similar to that claimed in U.S. Design Patent D712,697, and unless enjoined will continue to do so.

67.    Defendants have sold, imported, used and distributed food storage containers with bump-trim design elements on the lids that, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, would find substantially similar to that claimed in the `697 design patent, so as to deceive that observer, enticing them to purchase one supposing it to be the other.

68.    Plaintiff has suffered financial damages of lost profits and a decline in its business goodwill and reputation, resulting from Defendants' manufacture and importation of, and sales of the Accused Products, which bear a substantial likeness to the design protected by the `697 Design Patent.

69.    Unless enjoined by this Court, the Defendants will continue to commit the infringing and deceptive acts complained of herein, all to the immediate and irreparable harm of Plaintiff, for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiff is entitled to judgment on Count IV against Defendants, and for the additional and supplemental relief pleaded in the *ad damnum* clause, below.

## COUNT V
### (Unfair Competition and Deceptive Trade Practices)

70.     Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 69 of this Complaint as if stated herein.

71.     Upon information and belief, "VM International" is closely-affiliated with, or has some identity of interest with the Defendant M.S.R.S., Inc.

68.     Upon information and belief, "Stor-All Solutions" is closely-affiliated with, or has some identity of interest with the Defendant Missry Associates, Inc.

69.     Upon information and belief, "Misco" is closely-affiliated with, or has some identity of interest with the Defendant Missry Associates, Inc.,

71.     Upon information and belief, Defendants are affiliated with, or acting in concert with, or in privity with Worldtrak, or Sanjou Holdings, which make and export the accused products.

72.     On information and belief, Defendants had made products derived from unauthorized use and copying of the design and product specifications of the Plaintiff, including using those to facilitate the manufacture and importation into the U.S. of imitation products, intending to offer those to non-party retail stores and take away business from the Plaintiff.

73.     After a reasonable opportunity for disclosures and discovery, there likely will be found evidentiary support to show that Defendants acted with knowledge that it was making, having made, importing, offering to sell, and selling household food storage containers that were unauthorized and infringing imitations of the products and trade dress of the Plaintiff.

74.     Unless enjoined by this Court, the Defendants will continue to commit the unfair and deceptive acts complained of herein, all to the immediate and irreparable harm of Plaintiff, for which Plaintiff has no adequate remedy at law.

75.      Plaintiff made substantial and costly preparations to introduce a new design element on its line of household food storage containers, which for simplicity is referred to as 'bump trim.'

76.     Among the costs sunk into the design, development, preparation for manufacture and introduction of the new design for its line of household food containers were expenses of trips to Asia to work with companies there who eventually would manufacture the products, investment in design work and in molds to fabricate the containers, costs to design and obtain trade dress and print packaging for the several lines of container products (e.g., different sizes, single and multiple packs of containers), sales and promotional expenses to introduce the new product design to buyers at the major retailers.

77.     It is estimated, and further investigation is likely to confirm that the expenses associated with introduction of the bump trim design element to household food containers is in excess of a quarter of a million dollars.

78.     Large retailers were very accepting of the new bump trim design, and placed orders for Plaintiff to supply food storage containers with that new design.

79.     Upon information and belief, it is customary for large retailers in the U.S. to attend trade shows where housewares, including food storage containers, are displayed and offered.

80.     Upon information and belief, it is customary for large retailers in the U.S. to stay aware of what housewares, including food storage containers, are being sold in the stores of other large retailers, and for the buyers at these retailers to stay current on available product lines.

81.     After further investigation, and a reasonable opportunity for disclosures and discovery, there likely will be found evidentiary support to show how the bump trim design came into the control of those who manufactured the imitation products that were consigned to Defendants.

82.     The plaintiff will suffer the diminishment of the value of its trade dress and distinctive product design that embellish its line of household storage containers, unless the conduct of defendants here is enjoined.

83.     Plaintiff will sustain continued disparagement of its brands, reputations for high quality products, and associated goodwill, unless the conduct of defendants here is enjoined.

84.     The imitation products are, upon information and belief, of inferior quality, that is not of the quality associated with plaintiff's brands and the products that it distributes, and not of the quality for household containers used to store perishable foodstuffs.

85.     Plaintiff has no adequate remedy at law for the commercial harm that will result from the inferior quality of the imitation products being put into commerce by Defendants.  Consumers will be confused and deceived, and are likely to associate the inferior quality of the imitation with the trade dress, trademark, designs and high quality products of the Plaintiff.

86.     Plaintiffs will sustain the erosion of the market price down to the level of inferior, imitation products that Defendants have and are distributing, unless the conduct of defendants here is enjoined.

87.     Injunctive relief is appropriate to redress the irreparable harm and threat of irreparable injuries resulting from the imitation products.

## Prayer for Relief

WHEREFORE, Plaintiffs respectfully request judgment against Defendants as follows:

A.     For a judgment on Count I that Defendant Defendant Missry Associates, Inc., has infringed and is infringing U.S. Design Patent D705,593S;

B.     For a judgment on Count II that Defendant M.S.R.S., Inc. has infringed and is infringing U.S. Design Patent D705,593S;

C.      For a judgment on Count III that Defendant that Defendants violated plaintiff's trade dress rights protected by 15 U.S.C. § 1051 *et seq.*,

D.     For an award of damages and lost profits against defendant Defendant Missry Associates, Inc.on Count I;

E.     For an award of damages and lost profits against Defendant M.S.R.S., Inc. on Count II;

F.     For an award of damages and lost profits against defendants on Count III to the extent allowed by the Lanham Act;

G.     For a judgment on Count IV that Defendants infringed and are infringing United States Design patent D712,697S;

16

H.      For an award of damages and lost profits against defendants on Count IV;

I.      For a judgment on Count V that Defendants engaged in unfair competition and unfair trade practices;

J.      For an award of damages and lost profits against defendants on Count V;

K.      For an order preliminarily and permanently enjoining Defendants, along with their officers, agents, employees, parents, subsidiaries, affiliates, divisions, store operators, successors, manufacturers, import partners, and all persons in privity or active concert or participation with the Defendants from infringing U.S. Design Patent D705,593S;

L.      For an order preliminarily and permanently enjoining Defendants, along with their officers, agents, employees, parents, subsidiaries, affiliates, divisions, store operators, successors, manufacturers, import partners, and all persons in privity or active concert or participation with the Defendants from United States Design patent D712,697S;

M.      For an order preliminarily and permanently enjoining Defendants and its officers, agents, employees, parents, subsidiaries, affiliates, divisions, successors, and all persons in privity or active concert or participation with them from selling the Accused Products with the infringing trade dress;

N.      That Defendants be ordered to account for and pay over all proceeds and profits made by Defendants from its wrongful infringing acts, and to account for and pay to plaintiff a sum to be determined by the Court.

O.      For an order finding that this case is exceptional under 35 U.S.C. §285 and awarding plaintiff its reasonable attorneys' fees, expenses and costs incurred in this action;

P.      For pre- and post-judgment interest on all damages awarded, and for attorneys fees and costs as permitted by the Lanham Act and the Patent Act; and

Q.      For an award of such other and further relief as this Court deems just and proper.

**Jury Demand**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury as to all issues to triable in this action.


Dated:


       *~ S ~ Charles L. Thomason*
Charles L. Thomason, *pro hac vice pending*
ATTORNEY FOR PLAINTIFF
TEL. (502) 349-7227


           *~ S ~ Franklin C. Davis*
COLBERT & DAVIS
1021 E. Broad St.
Columbus, OH  43205
(614) 423-5851
Attorney for plaintiff

17